UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Freeman, # 260311, | ) C/A No. 4:11-3137-RBH-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Mr. Beth, Classifications, Supv; Ms. McDail; Ms. Baker, Mailroom; Ms. Graves, Grievance Coordinator; Mr. Eagleton, Warden; Mr. McFadden, Assitant Warden, | ) ) ) ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff, James Freeman ("Plaintiff"), is a state prisoner in the South Carolina Department of Corrections' Evans Correctional Institution ("ECI") in Bennettsville, South Carolina, who is proceeding *pro se* and *in forma pauperis*. Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C., this matter is before the undersigned United States Magistrate Judge for report and recommendation following pre-service review. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be summarily dismissed.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C.

1

§1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## BACKGROUND

Plaintiff files this § 1983 action against five ECI staff members, claiming that his grievance against the warden was never answered and that his legal mail was opened outside of his presence on six occasions in 2011. Plaintiff has used only three of the five pages of a state prisoner complaint form and he fails to ask for any specific relief other than to state "I would like a trial if it comes to that." ECF No. 1, p. 3.

## DISCUSSION

To the extent that Plaintiff's Complaint attempts to assert a § 1983 claim based on Defendants' alleged failure to respond to Plaintiff's grievance, the Complaint fails to state a claim for which relief may be granted by this Court. There is no constitutional right to the grievance process. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("As other circuits have recognized, there is no constitutional right to participate in grievance proceedings.") (citing *Flick v. Alba*, 932F.2d 728, 729 (8th Cir.1991).

To the extent that Plaintiff's Complaint alleges a violation of his First or Sixth Amendment rights, the Complaint in this case is completely duplicative of the complaint in another § 1983 case

that is currently pending in this Court, in which Plaintiff has sued the same five Defendants. In *Freeman v. Beth, et al.*, C/A No. 4:11-2015-RBH-TER, Plaintiff alleges that his legal mail is being opened outside his presence and that he doesn't get responses to his grievances about this ongoing problem.[1] *See* C/A No. 11-2015, ECF No. 1. In C/A No. 11-2015, the complaint was ordered to be served and summonses were issued for all five Defendants on October 24, 2011. *See* C/A No. 11-2015, ECF No. 24. Plaintiff will have a full opportunity to litigate his claims within the appropriate confines of applicable Court procedures in C/A No. 11-2015.[2]

The Court should not entertain two separate, identical lawsuits filed by the same individual against the same parties. To do so would fly in the face of the important interests of judicial efficiency and economy. "The District Court clearly ha[s] the right to take notice of its own files and records and it ha[s] no duty to grind the same corn a second time. Once [i]s sufficient." *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). Thus, Plaintiff's Complaint in the instant case is subject to summary dismissal, without prejudice and without issuance and service of process.

**RECOMMENDATION**

Accordingly, it is recommended that the Complaint in this case be summarily dismissed, *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams,* 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown*

---

[1] The undersigned takes judicial notice of Plaintiff's other proceedings in this Court. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'")

[2] If Plaintiff desires, he may file a motion to amend the pleadings in this case (4:11-2015-RBH-TER) pursuant to the scheduling order entered December 27, 2011.

*v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. §§ 1915(e)(2)(B); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

    Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

January 4, 2012  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).