IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James Freeman, # 260311, ) | Civil Action No.: 4:11-cv-03137-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Mr. Beth, Classifications, Supv; Ms. ) | |
| McDail; Ms. Baker, Mailroom; Ms. ) | |
| Graves, Grievance Coordinator; Mr. ) | |
| Eagleton, Warden: Mr. McFadden, ) | |
| Assistant Warden, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[1] In the R&R, the Magistrate recommends that the Court dismiss Plaintiff's complaint *without prejudice* and without the issuance of process. [R&R, Doc. # 16, at 3.]

**Factual Background and Procedural History**

On November 17, 2011, James Freeman, proceeding *pro se*, filed a complaint against six officials with the South Carolina Department of Corrections ("SCDC"). He alleges that the defendants violated his rights[2] when they opened his legal mail outside of his presence and failed to act on his grievance protesting the same. [Compl., Doc. # 1, at 2.] On January 4, 2012, the Magistrate issued the R&R, recommending that the Court dismiss Freeman's complaint *without prejudice*. Specifically, the Magistrate noted the absence of a constitutional right to a grievance

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate for pretrial handling.
[2] Because Freeman proceeds *pro se*, the Court liberally construes his claims as raised pursuant to 42 U.S.C. § 1983. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

procedure, as well as the existence of another action alleging the same violations by the same defendants. [R&R, Doc. # 16, at, 2-3.] Subsequently, Freeman filed timely objection to the R&R. [Pl.'s Obj., Doc. # 22.] Freeman also filed a motion the Court construes as a motion to appoint counsel. [Doc. # 18.]

### Standard of Review

The Magistrate makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### Discussion

Although Freeman filed an objection to the Magistrate's R&R, he does not address the conclusions reached by the Magistrate in his recommendation. Instead, Freeman reiterates the

allegations made in his complaint: specifically, that SCDC tampered with his legal mail and failed to address his grievances. As noted above, Freeman's failure to object properly to the Magistrate's recommendation frees the Court of the duty to give an explanation for its adoption of the Magistrate's R&R. *Camby*, 718 F.2d at 199.

Out of an abundance of caution, however, the Court reviews the Magistrate's recommendation for clear error. First, as explained by the Magistrate, prisoners are not entitled to a grievance procedure under the United States Constitution. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Instead, prison grievance procedures are means to redress the deprivation of a constitutional right. *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Second, the Magistrate correctly takes judicial notice of Freeman's existing action before the Court alleging *the same conduct by the same defendants*. *See* Compl., Freeman v. Beth, No. 11-cv-02015 (D.S.C. Aug. 2, 2011). Actions that are identical to a pending action are superfluous and thus frivolous. The interests of judicial economy underlying *res judicata*, including the conservation of judicial resources and the prevention of piecemeal litigation, are applicable here. *See* 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4403 (2d ed. 2002). Yet, until there is a determination of Freeman's preceding action on its merits, dismissal *without prejudice* is appropriate. *See* 28 U.S.C. § 1915A(b)(1) (requiring the Court to dismiss the complaint if it is frivolous).

## Conclusion

The Court has thoroughly reviewed the entire record, including the R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate, the Court hereby overrules Freeman's objections and adopts the R&R of the Magistrate.

**IT IS THEREFORE ORDERED** that Plaintiff's case is hereby **DISMISSED** *without prejudice* and without the issuance of process.  The motion to appoint counsel is **DENIED** as moot.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

April 24, 2012
Florence, SC